**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Berneking, | No. CV-19-04788-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Massachusetts Mutual Life Insurance Company, | |
| Defendant. | |

In this case, the parties seek a protective order governing the exchange of: "documents and testimony that may contain confidential information, including proprietary information, and other items." (Doc. 43-1 at 1). The parties have failed to show good cause for the need for a protective order in this case.

Specifically, global protective orders are not appropriate. *See AGA Shareholders, LLC v. CSK Auto, Inc.*, 2007 WL 4225450, at *1 (D. Ariz. Nov. 28, 2007). Rule 26(c) requires a party seeking a protective order to show good cause for issuance of such an order. Fed. R. Civ. P. 26(c)(1). "For good cause to exist under Rule 26(c), 'the party seeking protection bears the **burden of showing specific prejudice or harm will result if no protective order is granted**.'" *AGA Shareholders*, 2007 WL 4225450, at *1 (emphasis added) (quoting *Phillips v. G.M. Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002)). The party seeking protection "**must make a 'particularized showing of good cause with respect to [each] individual document**.'" *Id.* (emphasis added) (quoting *San Jose Mercury News, Inc. v. U.S. Dist. Ct.*, 187 F.3d 1096, 1102 (9th Cir. 1999)).

Thus, "[t]he burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (quoting *Deford v. Schmid Prods. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987)).

Here, the parties fail to explain what confidential or proprietary information will be exchanged in this case or why it requires protection under Rule 26. Further, "other items" is far to generic to be entitled to protection under Rule 26. Thus, based on the foregoing,

**IT IS ORDERED** that the joint motion for a protective order (Doc. 43) is denied, without prejudice.

Dated this 27th day of April, 2020.

James A. Teilborg
Senior United States District Judge