**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Berneking, | No. CV-19-04788-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Massachusetts Mutual Life Insurance Company, | |
| Defendant. | |

This Court's Rule 16 Order requires:

> IT IS FURTHER ORDERED that discovery motions are prohibited. In the event of a discovery dispute, the parties shall jointly contact the Court via conference call to request a telephonic conference. The parties shall not contact the Court regarding a discovery dispute unless they have been unable to resolve the dispute themselves after personal consultation [footnote omitted] and sincere efforts to do so, and they are prepared to state to the court that they agree what is in dispute. The parties shall not file any written materials related to a discovery dispute without express leave of Court. If the Court does order written submissions, the movant shall include a statement certifying that counsel could not satisfactorily resolve the matter after personal consultation and sincere efforts to do so in accordance with Civil Local Rule 7.2(j).

(Doc. 22 at 3-4) (emphasis omitted).

Due to COVID-19, the Court's chambers is not always staffed. Accordingly, the message on the outgoing voicemail requests that, in lieu of leaving a message, the caller email the chambers' email account. On August 28, 2020, the Court received the following email:

Dear Judge Teilborg:

Pursuant to the scheduling order (Doc. 22) in the above referenced matter, I

am writing on behalf of Defendant Massachusetts Mutual Life Insurance Company ("MassMutual") to request a conference call before the Court to discuss an ongoing discovery dispute between the parties.  As set forth below, the dispute concerns three issues: (1) Plaintiff Lisa Berneking's refusal to sign Exhibit A to the protective order; (2) Plaintiff's failure to produce her medical records and tax returns; and (3) Plaintiff's refusal to discuss the scheduling of depositions.  MassMutual has made several efforts to resolve these issues with Plaintiff and without involving the Court, but Plaintiff has refused to speak with MassMutual's counsel and has failed to provide a substantive response to MassMutual's written correspondence.

The first issue that MassMutual would like to discuss is Plaintiff's refusal to sign Exhibit A to the protective order.  On July 13, 2020, the Court granted Plaintiff's former counsel's request for relief from a prior order that required Plaintiff to sign and file Exhibit A to the protective order because Plaintiff's former counsel "cured the Court's concern about Plaintiff's understanding of the protective order" by certifying that they had "advised Plaintiff of the details and obligations of the protective order." (Doc. 53).  Before the Court issued its order on the motion, but after MassMutual filed its response, Plaintiff sent MassMutual's counsel an email stating that "Judge T[ei]lborg denied Eric's request for a protective order related to discovery recently." (*See* attached email dated July 7, 2020).  Accordingly, contrary to Plaintiff's former counsel's representations to the Court, Plaintiff did not understand the obligations of the protective order — she did not even know that it had been entered.  Rather than involve the Court, MassMutual made several attempts to get Plaintiff to sign the protective order so that it could ensure she understood its contents.  (*See* attached emails dated July 9, 15, 20, and 28, and August 5, 19, and 24).  Plaintiff has failed to respond to MassMutual's requests that she sign the protective order.

The second issue that MassMutual would like to discuss is Plaintiff's refusal to produce her 2016-2019 tax returns and medical records from her treatment with Dr. Barrie Zeller.  Before Plaintiff's former counsel withdrew, they agreed with MassMutual's counsel that these records are plainly relevant to the issues in dispute (*i.e.*, Plaintiff's employment and medical condition) and indicated that Plaintiff would produce them.  Although MassMutual has advised Plaintiff of the records' relevance and the need for her to produce them, Plaintiff has failed to produce the records or provide an explanation regarding why she has not produced them.

The third issue that MassMutual would like to discuss is the scheduling of depositions.  As set forth in the Court's June 26, 2020 order (Doc 50), Plaintiff must diligently attempt to complete discovery within the current schedule.  Plaintiff, however, has not attempted to complete any discovery.  In light of the issues caused by the COVID-19 pandemic, it is imperative that the parties schedule depositions well in advance to ensure that the appropriate arrangements are made for the depositions to be completed safely.  To abide by the Court's orders and complete discovery within the current schedule, Plaintiff must participate in the scheduling of depositions with MassMutual's counsel.

For the reasons set forth above and as more fully explained in the attached emails (including their attachments), MassMutual respectfully requests that the Court order the parties to participate in a conference call to discuss these discovery issues.  Should the Court require additional information prior to scheduling such a call, please let us know.  Thank you in advance for your

time and consideration.
**Eric F. Au**
The email to chambers included 10 separate attachments that the Court did not read and accordingly, is not re-producing herein.

The Court is at a loss to understand how an outgoing voicemail message that says no one is routinely checking the phone could be interpreted as permitting an off the record over one-page, single-spaced discovery motion with 10 attachments. Also concerning is that Plaintiff's former counsel is not copied on the email. Generally, once counsel withdraws, they are not entitled to notice in a case. However, this above quoted off the record email accuses such counsel of lying to the Court, which she may wish to contest.

The Court will permit briefing on the above referenced discovery disputes as stated below. With respect to whether counsel Erin Ronstadt lied to the Court about Plaintiff's knowledge of the protective order, counsel Eric Au is ordered to file a complaint with the State Bar of Arizona against Ms. Ronstadt that includes the same allegations Mr. Au made to this Court. Mr. Au must also include a copy of this Order with the complaint. To be clear, this Court is not making any finding on this issue whatsoever. Because the investigation of this issue will likely require an inquiry into attorney client communications, the bar is in a better position to investigate this issue and take any action the bar deems appropriate including determining Ms. Ronstadt did not lie to the Court. Within this case, this Court will take no further action on this issue.

With respect to Plaintiff being bound by the protective order, only four categories of documents are permitted to be marked confidential under the protective order: 1) MassMutual's underwriting and claim handling guidelines to the extent they are maintained as a trade secret as that term is defined under Arizona law; 2) MassMutual's employee evaluations; 3) Plaintiff's medical records; and 4) Plaintiff's tax returns. (Doc. 46 at 1). If Plaintiff does not wish to be bound by the protective order with respect to her own information (categories 3 and 4) that is her choice. If Plaintiff does not wish to be bound by the protective order with respect to categories 1 and 2, specifically MassMutual's underwriting and claims handling information that would qualify as a trade secret under

- 3 -

Arizona law and MassMutual's employee evaluations, MassMutual does not have to disclose these two categories of information.  Plaintiff has two weeks to determine whether she wishes to sign Exhibit A of the protective order or forego future discovery on these two issues.  (With respect to discovery produced prior to Plaintiff's counsel withdrawing, Plaintiff is bound by the protective order that was signed by her agent. Defendant must send Plaintiff a copy of Doc. 46 by tomorrow).  If Plaintiff believes she can justify both receiving this particular discovery and not being bound by the protective order, she must file a motion to reconsider this Order within 7 days.

By September 3, 2020, Defendant may file a motion to compel, not to exceed two pages, seeking production of Plaintiff's tax returns from 2016-2019.  In filing the motion to compel, Defendant must include exactly which Rule it is seeking to compel under, address relevance, attach a copy of the discovery request which called for production of these documents, and certify that the parties have consulted in good faith regarding this dispute.  Defendant must also indicate whether it is seeking attorney's fees and if yes, under what Rule.  Plaintiff may file a response, not to exceed two pages, by September 10, 2020. Defendant may file a reply, not to exceed one page, by September 14, 2020.  To facilitate Plaintiff's response, in addition to serving Plaintiff under Federal Rule of Civil Procedure 5, Defendant must also email Plaintiff a copy of this motion.

By September 3, 2020, Defendant may file a motion to compel, not to exceed two pages, seeking production of Plaintiff's medical records from her treatment with Dr. Barrie Zeller.  In filing the motion to compel, Defendant must include exactly which Rule it is seeking to compel under, address relevance, attach a copy of the discovery request which called for production of these documents, and certify that the parties have consulted in good faith regarding this dispute.  Defendant must also indicate whether it is seeking attorney's fees and if yes, under what Rule.  Plaintiff may file a response, not to exceed two pages, by September 10, 2020.  Defendant may file a reply, not to exceed one page, by September 14, 2020.  To facilitate Plaintiff's response, in addition to serving Plaintiff under Federal Rule of Civil Procedure 5, Defendant must also email Plaintiff a copy of this

motion.

With respect to scheduling depositions, the Court does not understand what issue is currently ripe for the Court's consideration.   It appears Defendant wants Plaintiff to proceed with scheduling depositions.  Discovery closes in this case January 29, 2021. The fact that Plaintiff has not yet scheduled any depositions as of August 28, 2020, does not seem particularly unusual.  Nonetheless, if Defendant seeks to compel a particular remedy, Defendant may use the procedure outlined below for future discovery disputes.

Based on the foregoing,

**IT IS ORDERED** that Defendant must send Plaintiff a copy of the protective order by tomorrow.  Plaintiff must return a signed copy of Exhibit A within two weeks or forego future discovery on the two topics identified above.

**IT IS FURTHER ORDERED** that within 14 days, Mr. Au must file a bar complaint against Ms. Ronstadt as specified above; the Clerk of the Court must send Ms. Ronstadt a copy of this Order at her email address of record.

**IT IS FURTHER ORDERED** that Defendant may file two motions to compel by September 3, 2020 as specified above.

**IT IS FURTHER ORDERED** that any motions to reconsider this Order are due within 7 days and not the time set forth in Local Rule 7.2(g).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1        **IT IS FINALLY ORDERED** that for any future discovery disputes, by 30 days

2  before the close of discovery, either party may file a motion to compel that addresses each

3  item required herein.[1]  Any such motion may not exceed two pages.  A response, not to

4  exceed 2 pages, must be filed within 7 calendar days.  A reply, not to exceed one page,

5  must be filed within 5 calendar days.

6        Dated this 1st day of September, 2020.

James A. Teilborg
Senior United States District Judge

---

[1] Namely: the motion must include which Rule it is seeking to compel under, address relevance, attach a copy of the discovery request which called for production of the response in question, and certify that the parties have consulted in good faith regarding this dispute.  Movant must also indicate whether they are seeking attorney's fees/costs and if yes, under what Rule.  Any such filings must be emailed to Plaintiff in addition to being served under Rule 5.