**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Berneking,  Plaintiff,  v.  Massachusetts Mutual Life Insurance Company,  Defendant. | No. CV-19-04788-PHX-JAT  **ORDER** |

Before the Court are Defendant Massachusetts Mutual Life Insurance Company's Motion to Compel Plaintiff to Produce Medical Records (Doc. 55) and Motion to Compel Plaintiff to Produce Tax Returns (Doc. 56). Plaintiff Lisa Berneking did not file a response to either motion, and the Court now rules.

**I.    BACKGROUND**

In this case, Plaintiff alleges that Defendant breached the parties' disability income insurance policy (the "Policy") and its duty of good faith and fair dealing by denying benefits under the Policy after she developed a medical condition that rendered her disabled. (Doc. 1-3 at 4–8). Defendant now moves to compel the production of information under Federal Rule of Civil Procedure ("Rule") 37(a) that it argues is relevant, non-privileged, and proportional to the needs of the case as required by Rule 26(b). (Docs. 55, 56). First, Defendant seeks production of medical records from Dr. Barrie Zeller, who Defendant believes diagnosed the condition Plaintiff alleges qualifies her for benefits under

the Policy. (Doc. 55 at 2). Second, Defendant seeks production of Plaintiff's 2016–19 tax returns.[1] (Doc. 56 at 1). The Court addresses each in turn.

## II. DISCUSSION

### A. Medical Records

To obtain coverage under the Policy, Plaintiff completed an application which asked, among other questions, whether Plaintiff had worked continuously during past 90 days without limitation due to a medical condition. (Docs. 1-3 at 5; 15 at 2). Plaintiff acknowledges that she had taken personal time off work within that period but alleges that she truthfully answered in the affirmative because her "opinion was that she was merely tired during that time, rather than injured or sick . . . ." (Doc. 1-3 at 5). The medical records (particularly the timing of Dr. Zeller's diagnosis) are relevant to Plaintiff's knowledge of her condition, whether she answered the application question truthfully, and, consequently, whether Defendant was justified in denying benefits under the Policy. Further, although Arizona law recognizes a physician-patient privilege, *see* A.R.S. § 12-2235, when a party "places a particular medical condition at issue by means of a claim or affirmative defense, . . . then the privilege will be deemed waived with respect to that particular medical condition." *Bain v. Superior Court In & For Maricopa Cnty.*, 714 P.2d 824, 827 (Ariz. 1986).

Because the information Defendant seeks is relevant to the medical condition at the center of Plaintiff's claim, the Court grants the motion to compel Plaintiff to produce her medical records from Dr. Zeller.

### B. Tax Returns

The Policy defines a total disability as "[t]he occurrence of a condition caused by a Sickness or Injury, in which the Insured cannot perform the main duties of his/her Occupation and the Insured is not working at any occupation . . . ." (Doc. 56-1 at 11). Plaintiff alleges that she became "disabled from working" in November 2017. (Doc. 1-3 at

---

[1] Defendant's original request for production requested only Plaintiff's 2016, 2017, and 2018 tax returns. (Doc. 56-2 at 2). However, Defendant's motion also requests production of Plaintiff's 2019 tax returns, "which Plaintiff [has] presumably filed" since the original request for production. (Doc. 56 at 2).

5). Plaintiff's tax returns are relevant as they may provide information regarding whether Plaintiff has worked since making her disability claim and, if so, how her income compares to her pre-claim income, which would affect whether she is "disabled" under the Policy.

Accordingly, the Court grants Defendant's motion to compel Plaintiff to produce her tax returns.

### III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to Compel Plaintiff to Produce Medical Records (Doc. 55) and Motion to Compel Plaintiff to Produce Tax Returns (Doc. 56) are **GRANTED**. Plaintiff shall produce a true and complete copy of her medical records from Dr. Zeller and her 2016–19 tax returns within seven (7) days of this Order.

Dated this 17th day of September, 2020.

James A. Teilborg
Senior United States District Judge