**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisa Berneking,<br><br>        Plaintiff,<br><br>v.<br><br>Massachusetts Mutual Life Insurance Company,<br><br>        Defendant. | No. CV-19-04788-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Massachusetts Mutual Life Insurance Company's Motion for Summary Judgment (Doc. 60). Plaintiff Lisa Berneking did not file a response, and the Court now rules.

**I.  BACKGROUND**

In June 2016, Plaintiff applied for a disability income insurance policy (the "Policy") provided by Defendant. (Doc. 60-2). Included in the application was a question asking whether Plaintiff had "been continuously at work for [her] usual and customary schedule performing all the duties of [her] occupation without limitation due to injury or sickness" for the past 90 days. (*Id.* at 3). Plaintiff answered that she had been continuously at work and not taken any days off within the relevant period. (*Id.*).

Defendant issued the Policy on August 5, 2016 with a policy date of August 1, 2016. (Doc. 60-4 at 2, 5). The Policy provides:

> After two years from the date any Coverage becomes Effective under this Policy, only fraudulent misstatements in the application may be used to void that Coverage or to deny or reduce a claim for a Disability that starts after the two year

> period. However, prior to the two-year period, We may void that Coverage(s) if You made any material misrepresentation(s) in Your application(s).

(*Id.* at 18). In other words, the Policy gives Defendant the right to rescind disability coverage before August 1, 2018 if Plaintiff made a material misrepresentation of fact on her application.

On May 18, 2018, Plaintiff submitted a claim for disability benefits, claiming she was unable to work due to chronic fatigue, Hashimoto's Thyroiditis, hypothyroidism, adrenal fatigue, gene deficiencies, and depression. (Doc. 60-5 at 2, 5). On July 23, 2018, Defendant informed Plaintiff that it determined Plaintiff made material misrepresentations in her application and decided to rescind the Policy. (Doc. 16-3 at 2). Specifically, Defendant informed Plaintiff that based on Defendant's investigation, it determined Plaintiff missed several days of work due to illness during the relevant period, contrary to the representation on her application. (*Id.* at 3–4).

Plaintiff sued Defendant on June 19, 2019 in the Maricopa County Superior Court alleging that Defendant breached the Policy and Defendant's duty of good faith and fair dealing by denying her benefits under the Policy (Doc. 1-3 at 4–8), and Defendant timely removed the case to this Court (Doc. 1). Defendant now moves for summary judgment, arguing that it was entitled as a matter of law to rescind the Policy. (Doc. 60).

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The party asserting "that a fact cannot be or is genuinely disputed must support th[at] assertion by" either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)–(B).

The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). "Disputes are "genuine" when they can "reasonably be resolved in favor of either party." *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

When the nonmoving party does not file an opposition to a motion for summary judgment, the Court must still consider the motion on the merits. *See Heinemann v. Satterberg*, 731 F.3d 914, 917 (9th Cir. 2013); *see also Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003).

### III. DISCUSSION

#### A. Breach of Contract

Defendant argues that under the plain terms of the Policy, it was entitled to deny Plaintiff benefits and rescind the Policy. The Court agrees. "An insurance policy is a contract, and in an action based thereon the terms of the policy must govern." *Apollo Educ. v. Nat'l Union Fire Ins.*, __ P.3d __, __ (Ariz. 2021) (quoting *Dairyland Mut. Ins. Co. v. Andersen*, 433 P.2d 963, 965 (Ariz. 1967)). Because two years from the date of Plaintiff's application had not yet passed, Defendant had the right to void the policy if Plaintiff made any material misrepresentations of fact. (Doc. 60-4 at 18). As discussed more fully below, Plaintiff's statement that she did not miss any work due to illness within the relevant period was a material misrepresentation of fact that entitled to Defendant to deny coverage under the Policy. Accordingly, Defendant did not breach the terms of the Policy.

Moreover, Arizona law provides that misrepresentations of fact prevent an insured from recovering under an insurance policy if the misrepresentations are (1) fraudulent, (2) material to the acceptance of the risk assumed by the insurer, and (3) the insurer in good faith would not have issued the policy had the insurer known the truth. A.R.S. § 20-1109; *Valley Farms, Ltd. v. Transcon. Ins. Co.*, 78 P.3d 1070, 1074 (Ariz. Ct. App. 2003). Fraud under § 20-1109 may be either factual or legal. *See Golden Rule Ins. Co. v. Montgomery*, 435 F. Supp. 2d 980, 990 (D. Ariz. 2006). "Actual fraud requires an intent to deceive. Legal fraud exists if the question asked in an insurance application: (1) is one where the facts are within the personal knowledge of the insured: (2) are such that the insurer would naturally have contemplated that the answers represented the actual facts; and (3) the answers are false." *Id.* (citation omitted). "Materiality exists if the facts, if truly stated, might have influenced a reasonable insurer in deciding whether to accept or reject the risk." *Med. Protective Co. v. Pang*, 606 F. Supp. 2d 1049, 1058 (D. Ariz. 2008). Here, the evidence in the record establishes that § 20-1109's requirements are met, and Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

First, Plaintiff's misrepresentations constitute legal fraud. Despite the representations in her June 1, 2016 application that she missed 0 days of work in the 90 days prior to her application, notes from Plaintiff's medical provider reflect that on April 5, 2016, Plaintiff reported that she "had to take off work the last 2 days because she ha[d] no energy." (Doc. 60-2 at 3; Doc. 60-7 at 2). That same report indicated that the doctor assessed Plaintiff with Hashimoto's Thyroiditis. (Doc. 60-7 at 2). An email Plaintiff sent to another medical provider on May 5, 2016 confirms that Plaintiff was aware that she suffered from Hashimoto's Thyroiditis on that date. (Doc. 60-10 at 2). Accordingly, the record before the Court reflects that Plaintiff had personal knowledge of the correct information, and her statements regarding missing work were false. *See Golden Rule Ins. Co.*, 435 F. Supp. 2d at 990. Further, because Plaintiff's statements concerned her personal medical history and work attendance, the facts are of such a nature that the "insurer would naturally have contemplated that the answers represented the actual facts," rather than

"merely the opinion of the insured." *See id.*

Second, Plaintiff's misstatement was material to the acceptance of the risk assumed by Defendant. According to Defendant's underwriting standards, an applicant "must be continuously at work on a full-time basis . . . without limitation due to sickness or injury for 90 days prior to the application date" in order to be eligible for insurance coverage. (Doc. 60-11 at 2). Further, an affidavit from Defendant's underwriter states that if an applicant answers that she missed work in the past 90 days due to illness, Defendant "must decline the application unless the applicant assures [Defendant] that his/her time missed from work was due to a minor illness that has completely resolved and is unlikely to occur (*e.g.*, a cold)." (Doc. 60-6 at 3). Because Plaintiff's misstatements of fact impact the application of this standard, Defendant has demonstrated that Plaintiff's misstatement is material to the acceptance of the risk assumed by the insurer. *See* A.R.S. § 20-1109(2).

Finally, Defendant has demonstrated that it would not in good faith have issued the policy had it known the truth. According to a memo from Defendant's underwriter, the underwriter concluded that Defendant would have declined to issue the Policy if it had the correct information. (Doc. 60-6 at 16). And this position is consistent with the underwriting guidelines. (*Id.* at 3). Accordingly, the record before the court indicates that all three of A.R.S. § 20-1109's requirements are met, and Defendant is entitled to summary judgment on Plaintiff's breach of contract claim.

### B.   Good Faith and Fair Dealing

"Under Arizona law, a plaintiff establishes bad faith on the part of the insurance company by showing that the company: 1) denied the claim without a reasonable basis for the denial, *and* 2) either knew or recklessly disregarded the fact that it did not have a reasonable basis for denying the claim." *Milhone v. Allstate Ins. Co.*, 289 F. Supp. 2d 1089, 1093–94 (D. Ariz. 2003). Because the Court concludes that Defendant was authorized by the terms of the Policy and Arizona law to rescind the Policy, the Court concludes that Defendant did not deny the claim without a reasonable basis. Accordingly, Defendant is entitled to summary judgment on Plaintiff's remaining claim.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's Motion to for Summary Judgment (Doc. 60) is **GRANTED**. The Clerk of Court shall enter judgment accordingly.

Dated this 24th day of February, 2021.

James A. Teilborg
Senior United States District Judge